# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
06/13/2016
CT Log Number 529323699

TO:     Rick Cozza, Assistant General Counsel
        National Express Corporation
        4300 Weaver Parkway
        Warrenville, IL 60555

RE:     **Process Served in Illinois**

FOR:    Durham School Services, L.P.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Donisha Shann and Terrilyn Russell, as individually and on behalf of all similarly situated employees, Pltfs. vs. Durham School Services, L.P., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Cover Sheet |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Hill Street, CA<br>Case # BC620301 |
| **NATURE OF ACTION:** | Employee Litigation - Failure to pay overtime wages |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/13/2016 at 14:57 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days after receipt, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Treana Allen<br>MAHONEY LAW GROUP, APC<br>249 E. Ocean Blvd., Ste. 814<br>Long Beach, CA 90802<br>562-590-5550 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 783350285161 |
| | Image SOP |
| | Email Notification,  Dorothy Capers  Dorothy.capers@nellc.com |
| | Email Notification,  Rick Cozza  rick.cozza@nationalexpresscorp.com |
| | Email Notification,  Jack Neel  jack.neel@nationalexpresscorp.com |
| | Email Notification,  Ana Boyd  ana.boyd@nationalExpresscorp.com |
| | Email Notification,  Lisa Fillers  Lisa.Fillers@nationalexpresscorp.com |
| | Email Notification,  Nancy Strubler  nstrubler@durhamschoolservices.com |
| | Email Notification,  Cathy Coughlin  Cathy.Coughlin@nellc.com |
| **SIGNED:** | C T Corporation System |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
06/13/2016
CT Log Number 529323699

| | |
|---|---|
| **TO:** | Rick Cozza, Assistant General Counsel<br>National Express Corporation<br>4300 Weaver Parkway<br>Warrenville, IL 60555 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Durham School Services, L.P.  (Domestic State: DE) |

| | |
|---|---|
| **ADDRESS:** | 208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DURHAM SCHOOL SERVICES, L.P.; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DONISHA SHANN and TERRILYN RUSSELL, as individuals and on behalf of all similarly situated employees

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 1 2 2016

Sherri R. Carter, Executive Officer/Clerk

By Cristina Grijalva, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):* BC 6 2 0 3 0 1

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Treana L. Allen; 249 East Ocean Boulevard, Suite 814, Long Beach, CA 90802; (562) 590-5550

| DATE: *(Fecha)* | MAY 1 2 2016 | SHERRI R. CARTER | Clerk, by *(Secretario)* | CRISTINA GRIJALVA | , Deputy *(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Kevin Mahoney, Esq. (SBN: 235367)
kmahoney@mahoney-law.net
Treana Allen, Esq. (SBN: 302922)
tallen@mahoney-law.net
**MAHONEY LAW GROUP, APC**
249 E. Ocean Blvd., Ste. 814
Long Beach, CA 90802
Telephone: (562) 590-5550
Facsimile: (562) 590-8400

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 1 2 2016

Sherri R. Carter, Executive Officer/Clerk
By Cristina Grijalva, Deputy

Attorneys for Plaintiffs DONISHA SHANN and TERRILYN RUSSELL, as individuals and on
behalf of all similarly situated employees

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DONISHA SHANN and TERRILYN RUSSELL, as individuals and on behalf of all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>DURHAM SCHOOL SERVICES, L.P.; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. **BC 6 2 0 3 0 1**<br><br>[Assigned for All Purposes to The Honorable _____; Dept. _____]<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**<br><br>1. **Failure to Pay Wages;**<br>2. **Failure to Comply with Wage Notice;**<br>3. **Failure to Provide Meal Periods;**<br>4. **Failure to Provide Rest Periods;**<br>5. **Failure to Provide Accurate Wage Statements;**<br>6. **Failure to Pay All Wages Upon Separation of Employment;**<br>7. **Unfair Competition; and**<br>8. **Violation of Labor Code of Private Attorneys' General Act**<br><br>**REQUEST FOR JURY TRIAL** |

///
///

- 1 -

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

Plaintiffs DONISHA SHANN and TERRILYN RUSSELL (hereinafter "Plaintiffs") as individuals and on behalf of all others similarly situated, complain and allege as follows:

## I.

## INTRODUCTION

1.      This is a class action brought on behalf of Plaintiffs DONISHA SHANN and TERRILYN RUSSELL and the class they seek to represent (hereinafter "Plaintiff Class"), as defined herein, as all non-exempt bus aides, bus drivers, cover drivers, casual drivers, and bus assistants employed by or formerly employed by, Defendant DURHAM SCHOOL SERVICES, L.P., within the State of California during the liability period., (hereinafter "Durham" or "Defendant").

2.      Plaintiffs individually and on behalf of the class they seek to represent, seek relief against Durham for the failure to pay all wages due in violation of Cal. Labor Code §§§ 510, 1194,  including both regular and overtime wages; for the failure to provide meal and rest periods or compensation in lieu thereof pursuant to Labor Code Sections 226.7, 512, Sections 11 and 12 of the IWC Wage Order No. 9, and Cal. Code Regs., Title 8, Sections 11000 et seq.; the failure to provide accurate itemized wage statements upon payment of wages pursuant to Labor Code Sections 226(a), 1174, 1175, and Section 7 of the IWC Wage Order No. 9; and the failure to pay wages of terminated or resigned employees pursuant to Cal. Labor Code §§ 201-203. Plaintiffs further seek equitable remedies in the form of declaratory relief and injunctive relief, and relief under the Business and Professions Code Sections 17200 et seq. for unfair business practices.

3.      The "Class Period" is defined as the four (4) years prior to the filing of the Complaint through the date final judgment is entered.  Plaintiffs reserve the right to amend this Complaint to reflect a different "Class Period" as further discovery is conducted.

4.      At all relevant times herein, Durham and each Defendant, have consistently maintained and enforced against Plaintiffs and Plaintiff Class the following unlawful practices and policies: a) willfully refusing to pay Plaintiffs and Plaintiff Class for all hours worked, including both regular and overtime; b) willfully refusing to permit Plaintiffs and Plaintiff Class

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1    from taking 30- minute uninterrupted meal periods or compensation in lieu thereof; c) willfully

2    refusing to permit Plaintiffs and Plaintiff Class from taking complaint rest periods or

3    compensation in lieu thereof; d)willfully refusing to furnish to Plaintiffs and Plaintiffs Class

4    accurate itemized wage statements upon payment of wages; and e) willfully refusing to

5    compensate Plaintiffs and certain members of the Plaintiff Class wages due and owing at the

6    time Plaintiff Russell and certain members employment with Defendant ended.

7

## II.

8

## JURISDICTION AND VENUE

9        5.      Venue is proper in this Judicial district and the County of Los Angeles, because

10   the Defendant maintains a facility in this county, the obligations and liability arise in this county,

11   and work was performed by Plaintiffs and members of the proposed class made the subject of

12   this action in the County of Los Angeles, California.

13       6.      The California Superior Court has jurisdiction in the matter because the individual

14   claims are under the seventy-five thousand dollar ($75,000.00) jurisdictional threshold for

15   Federal Court and, upon information and belief, Plaintiffs and Defendant are residents of and/or

16   domiciled in the State of California. Further, there is no federal question at issue as the issues

17   herein are based solely on California Statutes and law including the California Labor Code,

18   Industrial Welfare Commission Wage Orders, Code of Civil Procedure, Rules of Court, and

19   Business and Professions Code.

20

## III.

21

## ADMINISTRATIVE REMEDIES

22       7.      Prior to filing this complaint, on March 23, 2016, Plaintiffs gave written notice by

23   certified mail to the Labor Workforce Development Agency ("LWDA") and to Defendant

24   DURHAM SCHOOL SERVICES, L.P. of the specific provisions alleged to have been violated,

25   including facts and theories to support the alleged violations as required by Cal. Labor Code §

26   2699.3. Please see a true and correct copy of the letter to the LWDA, dated March 23, 2016,

27   attached hereto as Exhibit "A."

28   ///

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## IV.

## THE PARTIES

### A.   The Plaintiffs

8.    Plaintiffs, at various times herein relevant, were employed by the Defendant for at least four (4) years prior to the commencement of this action, in the County of Los Angeles. Plaintiffs were employed by the Defendant during the Class Period in a non-exempt hourly position as a bus driver, or related positions.  Plaintiff Class members are identifiable, current and/or formerly similarly situated persons who were employed as non-exempt hourly bus aides, bus drivers, and other related positions in California for the Defendant during the Class Period.

### B.   The Defendant

9.    Plaintiffs are informed and believe, and based thereon allege that, DURHAM SCHOOL SERVICES, L.P., and is and/or was the employer of Plaintiffs and Plaintiff Class during the Class Period.  During the liability period, Defendant employed Plaintiffs and similarly situated persons within California.

10.    Plaintiffs is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged, of the Defendants sued herein as DOES 1 through 50, inclusive, but on information and belief allege that said Defendants are legally responsible for violations of the California Labor Code, including, but not limited to the payment of minimum wages, overtime compensation, rest and meal period compensation and/or Cal. Labor Code § 203 penalties to the Plaintiff Class members by virtue of their unlawful practices, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

11.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendant, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant legally attributable to the other Defendant.

///

///

- 4 -
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## V.

## GENERAL ALLEGATIONS

12.    California Labor Code section 1194 provides notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation is entitled to recover in a civil action the unpaid balance of their overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

13.    Business and Professions Code Section 17203 provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction.  Further Business and Professions Code Section 17204 provides that any person who has suffered actual injury and has lost money or property as a result of the unfair competition may bring an action in a court of competent jurisdiction.

14.    During all, or a portion of the Class Period, Plaintiffs and each member of the Plaintiff Class was employed by Defendant and each of them, in the State of California. Plaintiffs and each of the Plaintiff Class members were non-exempt bus drivers or related positions covered under Industrial Welfare Commission (IWC) Wage Order No. 9, and/or other applicable wage orders, regulations and statutes, and each Plaintiff Class member was not subject to an exemption for executive, administrative and professional employees, which imposed obligations on the part of the Defendant when Plaintiffs and Plaintiff Class work a split shift, to pay one (1) hour's pay at minimum wage, in addition to the minimum wage for the workday, provide legally complaint rest and meal periods or compensation in lieu thereof, to provide written notice to Plaintiff Class Members the rate or rates of pay and basis thereof, and to pay Plaintiffs and Plaintiff Class members for all hours worked over eight (8) hours of work in one (1) day or forty (40) hours in one week, and double-time for hours worked in excess of twelve (12) in one day.

15.    Defendant and each of them failed and/or refused to compensate Plaintiffs and Plaintiff Class members with one (1) hour's pay at minimum wage, in addition to the minimum wage for the workday, when Plaintiffs and Plaintiff Class members work(ed) a split shift.

/ / /

- 5 -

16.     Defendant and each of them failed and/or refused to schedule Plaintiffs and Plaintiffs Class in a manner so as to reasonably provide meal and/or rest breaks for Plaintiffs and Plaintiffs Class, thereby causing members of the Plaintiffs Class to work without being given paid ten (10) minute rest periods for every four (4) hours or major fraction thereof worked and without being given a thirty (30) minute meal period for shifts of at least five (5) hours and second thirty (30) minute meal periods for shifts of at least ten (10) hours during which Plaintiffs Class were relieved of all duties.

17.     Furthermore, Defendant failed and/or refused to implement a policy and practice to pay any Plaintiffs Class one (1) hour's pay at the employees' regular rate of pay as premium compensation for its failure to provide rest and/or meal periods or to providing such rest and/or meal periods within the statutory time frame as a result of their scheduling policy.

18.     Defendant and each of them failed and/or refused to provide Plaintiff and Plaintiff Class members with written notice of Plaintiff Class Members' rate or rates of pay and the basis thereof.

19.     Plaintiff Class Members who ended their employment during the Class Period, but were not paid the above due compensation for all hours worked, timely upon the termination of their employment as required by Cal. Labor Code §§ 201-203, and is entitled to penalties as provided by Cal. Labor Code §203.

20.     During the Class period, the Defendant and each of them required the Plaintiffs and Plaintiff Class Members to work off the clock as well as overtime without lawful compensation, in violation of IWC Wage Order No. 9, regulations and statutes, and the Defendant: (1) willfully railed and refused, and continue to fail and refuse to pay compensation for all hours worked, lawful overtime compensation to the Plaintiff Class Members; and (2) willfully failed and refused, and continue to fail and refuse to pay due and owing wages promptly upon termination of employment to certain Plaintiff Class Members.

/ / /

/ / /

/ / /

- 6 -

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## VI.

## CLASS ALLEGATIONS

21.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons ("Plaintiff Class"), as a class action pursuant to California Code of Civil Procedure section 382. The Plaintiff Class is composed of and defined as follows:

a.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present have not paid all wages owed, including but not limited wages at the regular rate, and overtime;

b.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present have not been provided a duty-free meal period within the first five hours of their shift per day, and/or a second meal period for drivers who worked shifts in excess of 10 hours, and were not provided one hour's pay for each day on which such meal period was not provided;

c.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present have not been provided a duty-free rest period for every four hours or major fraction thereof worked per day, and were not provided compensation of one hour's pay for each day on which such rest period was not provided;

d.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present have not been provided an accurate wage statement as required

- 7 -

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

under Cal. Labor Code § 226 and Cal. Labor Code § 1174;

e.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present who suffered injury, including lost money, as a result of Defendant's unfair competition;

f.  All persons who have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present and whose employment with Defendant ended within the four years preceding the filing of this Complaint, and have not been paid all wages pursuant to Cal. Labor Code §203 and are owed restitution for waiting time penalties for unpaid wages; and

g.  All persons who are employed or have been employed by Defendant in the State of California as non-exempt hourly bus aides, bus drivers, and other related positions, who for the four years prior to the filing of this class action to the present who are entitled to recover from Defendant compensation, penalties, attorneys' fees and costs under Cal. Labor Code § 2698-2690.

22.  Plaintiffs reserve the right under Rule 1855(b), *California Rules of Court*, to amend or modify the Plaintiff Class description with greater specificity or further division into subclasses or limitation to particular issues.

23.  This action has been brought and may be maintained as a class action pursuant to Code of Civil Procedure Section 382 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court.

24.  This Court should permit this action to be maintained as a class action pursuant to Code of Civil Procedure Section 382 because:

(a)  The questions of law and fact common to the Plaintiff Class predominate over any question affecting only individual members;

- 8 -

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

(b) A class action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the Plaintiff Class;

(c) The Plaintiff Class is so numerous that it is impractical to bring all member of the Plaintiff Class before the Court;

(d) Plaintiffs and the other members of the Plaintiff Class will not be able to obtain effective and economic legal redress unless the action is maintained as a class action;

(e) There is a community of interest in obtaining appropriate legal and equitable relief for the common law and statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which Defendant's actions have inflicted upon the Plaintiff Class;

(f) There is a community of interest in ensuring that the combined assets and available insurance of the Defendant is sufficient to adequately compensate members of the Plaintiff Class for the injuries sustained;

(g) Without class certification, the prosecution of separate actions by individual members of the Plaintiff Class would create a risk of:

(1) Inconsistent or varying adjudications with respect to individual members of the Plaintiff Class which would establish incompatible standard of conduct for the Defendant; and/or

(2) Adjudications with respect to the individual members which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudications, or would substantially impair or impede their ability to protect their interests, including but not limited to the potential for exhausting the funds available from those parties who is, or may be, responsible Defendant(s); and

(h) Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final injunctive relief appropriate with respect to the Class as a whole.

- 9 -
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## VII.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY WAGES

#### (Plaintiffs and Plaintiff Class Members against all Defendants)

25.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 24 as is fully alleged herein.

26.     Plaintiff and Plaintiff Class regularly worked over eight (8) hours per day and forty (40) hours per week.  Defendant failed to pay Plaintiff, and Plaintiff Class overtime premium and/or double-time premium for hours worked in excess of over eight (8) hours per day and forty (40) hours per week for work performed for the Defendant. Defendant failed to schedule Plaintiffs and Plaintiff Class in such a manner that allowed Plaintiffs and Plaintiff Class to be relieved of their shift immediately, thereby causing Plaintiffs and Plaintiff Class to work in excess of eight (8) hours per day and/or forty (40) hours per week.  As such Plaintiffs and Plaintiff Class seek overtime and/or double-time in an amount according to proof.  Pursuant to Cal. Labor Code §1194, the Plaintiff Class seeks the payment of all overtime and/or double-time compensation which they earned and accrued four (4) years prior to filing this Complaint, according to proof.

27.     Defendant has willfully violated the Cal. Labor Code by failing to pay Plaintiff and Plaintiff Class all wages.  Plaintiff and Plaintiff Class were denied wages as a result of Defendant's policy of having Plaintiff and Plaintiff Class work through meal and/or rest periods and having Plaintiff and Plaintiff Class work "off the clock."  Further, Defendant has regularly violated the Cal. Labor Code with respect to meeting the requirements of paying wages earned, including, overtime, double-time and remuneration when calculating the employees regular rate of pay, as herein before alleged.  Defendant has intentionally excluded remuneration that must be included in all employees' regular rate of pay in order to avoid payment of overtime wages and other benefits in violation of the Cal. Labor Code and the order issued by the IWC. Thereby, Defendant is able to reduce its overhead and operating expenses and gain an unfair advantage over competing companies complying with state law.

- 10 -

28.     Additionally, Plaintiff and Plaintiff Class are entitled to attorneys' fees, costs, pursuant to California Labor Code §§218.5, 226, 1194, and prejudgment interest.

## VIII.

## SECOND CAUSE OF ACTION

### FAILURE TO COMPLY WITH LABOR CODE 2810.5

**(Plaintiffs and Plaintiff Class Members against all Defendants)**

29.     Plaintiffs and Plaintiff class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 28 as is fully alleged herein.

30.     California's Wage Theft and Prevention Act of 2011 ("WTPA"), which includes Labor Code Section 2810.5 requires that all employers provide notice to new and current non-exempt hourly employees a particularized notice about their wages. Labor Code Section 2810.5(b) specifically provides "An employer shall notify his or her employees in writing of any changes to the information set forth in the notice within seven (7) days after the time of the changes…"

31.     At all times relevant hereto, Defendant, and each of them, failed to provide Plaintiff and Plaintiff Class Members with proper notice of their wages.

32.     Plaintiffs individually, and on behalf of the Plaintiff Class, request recovery of penalties under Labor Section 2699(f)(1) and (2), which provides for a civil penalty of one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

## IX.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF

**(Plaintiffs and Plaintiff Class Members against all Defendants)**

33.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 32 as is fully alleged herein.

///

- 11 -

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

34.     Labor Code sections 226.7 and 512, provide that no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes or employ any person for a work period of more than ten (10) hours without a second meal period of not less than thirty (30) minutes. An employer is also required to provide a second meal period of less than thirty (30) minutes if an employee works more than 10 hours in a workday.

35.     Labor Code section 226.7 provides that if an employer fails to provide an employee a duty-free meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided in accordance with this section.

36.     Defendant, and each of them, failed to implement a policy and practice of providing to Plaintiffs and Plaintiff Class duty-free meal periods within the within the first five hours of their work shifts and/or a second duty-period meal period for employees who worked more than 10 hours in a workday. In so doing, Defendant has intentionally and improperly denied meal periods to Plaintiffs and Plaintiff Class in violation of the Labor Code Sections 226.7 and 512 and other regulations and statutes.

37.     At all times relevant hereto, Plaintiffs and Plaintiff Class have worked more than five (5) hours in a workday. At varying times relevant hereto, Plaintiffs and Plaintiff Class at times have worked more than ten (10) hours in a workday.

38.     Plaintiffs individually, and on behalf of the Plaintiff Class, request recovery of meal period compensation pursuant to Labor Code Section 226.7 which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code and/or other statutes, attorneys' fees and costs.

///

///

///

///

- 12 -
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

**X.**

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS OR COMPENSATION IN LIEU THEREOF**

**(Plaintiffs and Plaintiff Class Members against all Defendants)**

39.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 38 as is fully alleged herein.

40.     California Labor Code Section 226.7 provides that employers authorize and permit all employees to take rest periods at the rate of ten (10) minutes rest time per four (4) work hours, or major fraction thereof.

41.     Labor Code Section 226.7(b) provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

42.     Defendant, and each of them, failed and or refused to implement a policy or practice by which Plaintiffs and Plaintiff Class could receive rest periods and/or work free rest periods.  Furthermore, Plaintiffs and Plaintiff Class did not receive their rest periods within the required statutory time frame.  By and through their actions, Defendant intentionally and improperly denied rest periods to the Plaintiffs and Plaintiff Class in violation of Labor Code Sections 226.7 and IWC Wage Order 9-2001, Section 12(A).

43.     At all times relevant hereto, Plaintiffs and Plaintiff Class, have worked more than three and one-half (3 1/2) hours in a workday.

44.     By virtue of the Defendant's unlawful failure to provide rest periods to Plaintiffs and Plaintiff Class as a result of their failure to make rest periods available, Plaintiffs and Plaintiff Class have suffered, and will continue to suffer, damages, in amounts which are presently unknown, but which will be ascertained according to proof at trial.

45.     Plaintiffs themselves, and on behalf of employees similarly situated, request recovery of rest period compensation pursuant to Labor Code Section 226.7, which they are owed beginning four (4) years prior to filing this Complaint as well as the assessment of any

- 13 -

1   statutory penalties against Defendant, and each of them, in a sum as provided by the Labor Code

2   and/or any other statute, plus attorneys' fees and costs.

3                                              **XI.**

4                            **FIFTH CAUSE OF ACTION**

5              **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

6                  **(Plaintiffs and Plaintiff Class Members against all Defendants)**

7            46.    Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though

8   fully set forth herein, paragraphs 1 through 45 as is fully alleged herein.

9            47.    California Labor Code section 1174 (d) requires an employer to keep at a central

10  location in California or at the plant or establishment at which the employees are employed,

11  payroll records showing the hours worked daily, and the wages paid to, each employee.

12  Plaintiffs are informed, and believe that Defendant willfully failed to make or keep accurate

13  records for Plaintiffs and Plaintiff Class.

14           48.    Further, Labor Code Section 226(a) states that, "every employer shall...at the

15  time of each payment of wages, furnish each of his or her employees, either as a detachable part

16  of the check...an accurate itemized statement in writing showing: (1) gross wages earned; (2)

17  total hours worked by the employee...; (3) the number of piece-rate units earned and any

18  applicable piece rate if the employee is paid on a piece-rate basis; (4) all deductions...(5) net

19  wages...(6) the inclusive dates of the period for which the employee is paid...(7) the name of the

20  employee and only the last four digits of his or her social security number or an employee

21  identification number other than a social security number; (8) the name and address of the legal

22  entity that is the employer...; and (9) all applicable hourly rates in effect during the pay period

23  and corresponding number of hours worked at each hourly rate by the employee..."

24           49.    IWC Wage Order Number 9-2001, paragraph 7(A) requires that every employer

25  shall keep accurate information with respect to each employee, including time records showing

26  when each employee begins and ends each work period, the total daily hours worked by each

27  employee and the total hours worked in each payroll period, and applicable rates of pay.

28  Plaintiffs are informed, and believe that Defendant willfully and intentionally failed to make

1 and/or keep records which accurately reflect the hours worked by Plaintiffs and Plaintiff Class.
2 Specifically, Plaintiffs believes that Defendant's records do not accurately reflect where
3 Plaintiffs and Plaintiff Class worked during their meal and/or rest breaks due to Defendant's
4 failure to schedule Plaintiffs and Plaintiff Class in a manner so as to provide them with a meal
5 and/or rest period.

6     50.     Plaintiffs are informed, and believe that Defendant's failure to keep accurate
7 wage statements, as described above, violated Labor Code Section 1174(d) and the applicable
8 wage order. Plaintiffs and the Plaintiffs Class are entitled to penalties of $100.00 for the initial
9 violation and $200.00 for each subsequent violation for every pay period during which these
10 records and information was not kept by Defendant.

11     51.     An employee suffering injury as a result of a knowing and intentional failure by
12 an employer to comply with subdivision (a) is entitled to recover the greater of all actual
13 damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one
14 hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed
15 an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and
16 reasonable attorney's fees pursuant to Section 226(e).

17     52.     Plaintiffs are informed and believe that Defendant's failure to keep and maintain
18 accurate records and information, as described above, were willful, and Plaintiffs and Plaintiff
19 Class are entitled to statutory penalties for Plaintiffs and each member of Plaintiff Class pursuant
20 to Labor Code Section 1174.5.

21                                      **XII.**

22                          **SIXTH CAUSE OF ACTION**

23          **FAILURE TO PAY WAGES UPON ENDING EMPLOYMENT**

24          **(Plaintiffs and Plaintiff Class Members against all Defendants)**

25     53.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though
26 fully set forth herein, paragraphs 1 through 52 as is fully alleged herein.

27     54.     Plaintiff and certain members of the Plaintiff Class who ended their employment
28 with Defendants during the Class Period, were entitled to be promptly paid lawful overtime

1   compensation and other premiums, as required by *Cal. Labor Code* §§ 201-203. Defendants
2   refused and/or failed to promptly compensate Plaintiff and Plaintiff Class wages owed as a result
3   of their failure to provide meal and/or rest periods as well as pay overtime compensation.
4   Pursuant to *Cal. Labor Code* § 203, such Plaintiff and Plaintiff Class seek the payment of
5   penalties pursuant to *Cal. Labor Code* § 203, according to proof.

6       55.     Accordingly, Plaintiff and Plaintiff Class are entitled to attorney's fees, and costs,
7   pursuant to *Cal. Labor Code* § 1194 for the underlying claims related to this claim, including but
8   not limited to the recovery of unpaid overtime.

9                                         **XIII.**
10                          **SEVENTH CAUSE OF ACTION**
11                            **UNFAIR COMPETITION LAW**
12                  **(Plaintiffs and Plaintiff Class against all Defendants)**

13      56.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though
14  fully set forth herein, paragraphs 1 through 55 as is fully alleged herein.

15      57.     Business and Professions Code Section 17200 et. seq. (also referred to herein as
16  the "Unfair Business Practices Act" or "Unfair Competition Law") prohibit unfair competition in
17  the form of any unlawful, unfair or fraudulent business act or practice.

18      58.     Business and Professions Code Section 17204 allows "any person who has
19  suffered injury in fact and has lost money or property as a result of such unfair competition" to
20  prosecute a civil action for violation of the Unfair Competition Law ("UCL").

21      59.     Labor Code Section 90.5(a) states that it is the public policy of California to
22  vigorously enforce minimum labor standards in order to ensure employees are not required to
23  work under substandard and unlawful conditions, and to protect employers who comply with the
24  law from those who attempt to gain competitive advantage at the expense of their workers by
25  failing to comply with minimum labor standards.

26      60.     Beginning at an exact date unknown to Plaintiffs, but at least four years prior to
27  the filing of this lawsuit, Defendant has committed acts of unfair competition as defined by the
28  Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business

- 16 -
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

1  practices and acts described in this Complaint including but not limited to violations of Labor
2  Code Sections 512 and 226 as well as other statutes.

3       61.    The violations of these laws and regulations, as well as of the fundamental
4  California public policies protecting workers, serve as unlawful predicate acts and practices for
5  purposes of Business and Professions Code Section 17200 et seq.

6       62.    The acts and practices described above constitute unfair, unlawful and fraudulent
7  Business Practices, and unfair competition, within the meaning of Business and Professions
8  Code Section 17200 et seq. Among other things, the acts and practices have forced Plaintiffs and
9  other similarly situated employees to labor for many hours without receiving their meal and rest
10 periods, to which they are entitled by law, while enabling Defendant to gain an unfair
11 competitive advantage over law-abiding employers and competitors.

12       63.    As a direct and proximate result of Defendant's acts, Plaintiffs and Plaintiff Class
13 have suffered injury in fact in being denied their statutorily entitled meal and rest periods. As a
14 result of Defendant's unlawful acts of unfair competition, Plaintiffs and Plaintiff Class have lost
15 money and property in the form of meal and rest period premiums in an amount to be proven at
16 trial.

17       64.    Business and Professions Code Section 17203 provides that a court may make
18 such orders or judgments as may be necessary to prevent the use or employment by any person
19 of any practice which constitutes unfair competition.   Injunctive relief is necessary and
20 appropriate to prevent Defendant from repeating their unlawful, unfair and fraudulent business
21 acts and business practices alleged above.

22       65.    Business and Professions Code Section 17203 provides that the Court may
23 restore to any person in interest any money or property that may have been acquired by means of
24 such unfair competition.  Plaintiffs and Plaintiff Class are entitled to restitution pursuant to
25 Business and Professions Code Section 17203 for all payments unlawfully withheld from
26 employees, including the fair value of the meal and rest periods taken away from them, during
27 the four-year period prior to the filing of this Complaint.

28 ///

- 17 -
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

66.     Business and Professions Code Section 17202 provides, "Notwithstanding section 3369 of the Civil Code, specific or preventative relief may be granted to enforce a penalty, forfeiture, or penal law in a case of unfair competition." Plaintiffs and Plaintiff Class are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business and Professions Code Section 17202.

67.     Plaintiffs' success in this action will enforce important rights affecting public interest, and in that regard Plaintiffs sues on behalf of the general public, as well as individuals and other similarly situated employees.  Plaintiffs and Plaintiff Class seek and are entitled to restitution, civil penalties, declaratory and injunctive relief, and all other equitable remedies owing them.

68.     Plaintiffs herein take upon themselves enforcement of these laws and lawful claims.  There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to *Cal. Code of Civ. Proc.* § 1021.5 and otherwise.

### XIV.

### EIGTH CAUSE OF ACTION

### VIOLATION OF THE PRIVATE ATTORNEYS' GENERAL ACT

**(Plaintiffs and Plaintiff Class Members against all Defendants)**

69.     Plaintiffs and Plaintiff Class re-allege and incorporate by reference, as though fully set forth herein, paragraphs 1 through 68 as is fully alleged herein.

70.     Labor Code Sections 2698-2699 - The Labor Code Private Attorneys' General Act of 2004 provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees for a violation of the Labor Code, may be recovered through a civil action by an aggrieved employee on behalf of himself or herself, and collectively on behalf of all other current or former employees.

///

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

71.    Whenever the Labor and Workforce Development Agency, or any of its departments, divisions, commissions, boards agencies or employees has discretion to assess a civil penalty, a court in a civil action is authorized to exercise the same discretion, subject to the same limitations and conditions to assess a civil penalty.

72.    Plaintiffs and Plaintiff Class are "aggrieved employees" as defined by Labor Code Section 2699 in that they are all current or former employees of Defendant, and one or more of the alleged violations was committed against them.

73.    Prior to filing this Complaint, on March 23, 2016, Plaintiffs gave written notice by certified mail to the Labor and Workforce Development Agency ("LWDA") and to Durham School Services, L.P., of the specific provisions alleged to have been violated, including the facts and theories to support the alleged violations as required by Labor Code Section 2699.3.

74.    Plaintiffs assert all of the claims in this Complaint against Defendant, individually and on behalf of all aggrieved employees of the Plaintiff Class, in their capacity as private attorney general, and seek all statutory penalties available under the Labor Code.

75.    Pursuant to Labor Code Section 2699 Plaintiffs, individually and on behalf of all aggrieved employees, request and are entitled to recover from Defendant; rest and meal period compensation and penalties, penalties for failure to provide accurate wage statements, interest, attorneys' fees and costs pursuant to Labor Code Sections 218.5 and 1194(a), and 1174, as well as all statutory penalties, and attorneys' fees against Defendant, including but not limited to:

(a.)    Penalties under *Cal. Labor Code* § 2699 in the amount of $100 for each aggrieved employee per pay period for each initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation;

(b.)    Penalties under *Code of Regulations* Title 8 § 11070 in the amount of $50 for each aggrieved employee per pay period for the initial violation, and $200 for each aggrieved employee per pay period for each subsequent violation; and

(c.)    Any and all additional penalties and sums as provided by the *Labor Code* and/or other statutes.

- 19 -
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

76.     In addition thereto, Plaintiffs seeks and is entitled to 50% of all penalties obtained under Labor Code Section 2699 to be allocated to the General Fund, and 25% of all penalties obtained to be allocated to the Labor and Workforce Development Agency, for education of employers and employees about their rights and responsibilities under the Labor Code and 25% to all aggrieved employees.

77.     Further, Plaintiffs is entitled to seek and recover reasonable attorneys' fees and costs pursuant to Labor Code Sections 2699, 218.5, 226, 1174, 1182.12 and1194, and any other applicable statute.

## XV.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and Plaintiff Class pray for judgment as follows:

1. For nominal damages;

2. For restitution of all monies due to Plaintiffs and Plaintiffs Class, and disgorged profits from the unlawful business practices of Defendant;

3. For penalties pursuant to *Cal. Labor Code* §§ 226, 226(e), 226.7, 512 and 1194, and as provided for by *Cal. Labor Code* § 2699;

4. For interest accrued to date;

5. Injunctive relief, enjoining Defendant from engaging in the unlawful and unfair business practices complained herein;

6. Declaratory relief, enjoining Defendant's practices as being unlawful and unfair business practices within the meaning of *Bus. & Prof. Code* §§ 17200, et seq.,

7. For costs of suit and expenses incurred herein pursuant to *Cal. Labor Code* §§ 226 and 1194; and  reasonable attorneys' fees pursuant to *Cal. Labor Code* §§ 226 and 1194; and

/ / /

/ / /

/ / /

/ / /

- 20 -

8. For all such other and further relief as the Court may deem just and proper.

Dated: May 11, 2016

MAHONEY LAW GROUP, APC

Kevin Mahoney, Esq.
Treana Allen, Esq.
Attorneys for Plaintiffs DONISHA SHANN
AND TERRILYN RUSSELL as an
individual and on behalf of all similarly
situated employees

- 21 -

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all applicable causes of action.

Dated: May 11, 2016

MAHONEY LAW GROUP, APC

Kevin Mahoney, Esq.
Treana Allen, Esq.
Attorneys for Plaintiffs DONISHA SHANN
and TERRILYNN RUSSSELL and on
behalf of all similarly situated employees

- 22 -
CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION

# EXHIBIT A



**MAHONEY**
LAW GROUP, APC

Treana Allen
562.590.5550 phone
562.590.8400 facsimile
tallen@mahoney-law.net

March 23, 2016

*Via Certified Mail –7014 2120 00000 2993 3562*
*Return Receipt Requested*
LABOR AND WORKFORCE DEVELOPMENT AGENCY
Attn: PAGA Administrator
1515 Clay Street, Suite 801
Oakland, CA 94612

*Via Certified Mail – 7014 2120 0000 2993 3395*
*Return Receipt Requested*
Durham School Services, L.P.
Attn: CT Corporation System
4300 Weaver Parkway
Warrenville, IL 60555

Re:    **SHANN et al. v. DURHAM SCHOOL SERVICES, L.P.**

## NOTICE OF LABOR CODE VIOLATIONS PURSUANT TO
## LABOR CODE SECTION § 2699 et seq.

To:    California Labor and Workforce Development Agency and Durham School Services,
L.P. ("Defendant").

From:  Donisha Shann, et al., on behalf of herself and aggrieved employees who were subject to
the employer's wage and hour policies as set forth below.

### Factual Statement

Please note that this firm, the Mahoney Law Group, APC, represents the interests of Donisha
Shann and Terrilynn Russell (hereinafter collectively "Plaintiffs") and all other aggrieved
employees who intend to file a complaint alleging various Labor Code violations.

### Theories of Labor Code Violations and Remedies

Plaintiffs will allege that Durham School Services, L.P. (hereinafter "Defendant") violated
various section of the Labor Code, including §§ 510 and 1194, by failing to provide Plaintiffs
and all other aggrieved employees overtime compensation for such excess hours.

LABOR AND WORKFORCE DEVELOPMENT AGENCY
February 19, 2016
Page 2 of 2

Plaintiffs as well as their co-workers were regularly not compensated for all minimum wages as well as overtime for all hours worked, which is in violation of Labor Code §§ 510, 1182.12, 1194, 1197 and is actionable under Labor Code §2699.5.

Plaintiffs will also allege that Defendant violated Labor Code §§ 201 and 202, et seq., due to their uniform policy, practice and procedure of willfully failing to pay all wages owed of all such former employees.  Plaintiffs and all other aggrieved employees that no longer work for the Defendants will seek payment for one (1) day of pay in penalties for each day that he or she was paid late up to a maximum of thirty (30) days.

Plaintiffs intends to allege that Defendant violated Labor Code § 226 as part of their ongoing business practice, by failing to provide their employees with proper and understandable itemized wage statements.

Plaintiffs will further allege that Defendant violated Labor Code § 226.7, due to their ongoing practice of discouraging and dissuading Plaintiffs and other aggrieved employees from taking rest breaks of not less than ten (10) minutes.

Plaintiffs will also allege that Defendant further violated Labor Code § 226.7 by failing to provide legally compliant meal periods in addition to impeding, discouraging and/or dissuading Plaintiffs and other aggrieved employees from taking legally compliant meal periods.

Plaintiffs will allege that as a result of Defendant violating Labor Code § 226.7, Plaintiffs as well as all other aggrieved employees are entitled to damages equal to one (1) hour of wages per missed meal and rest period.

Accordingly, Plaintiffs will allege in their complaint that Defendant violated Labor Code §204, since Plaintiffs and their co-workers did not receive all their wages in a timely fashion as a result of Defendant's policies.

Plaintiffs will seek to represent themselves, and a putative class of employees as well as all other aggrieved employees who were employed by Defendant.

Please advise if the LWDA has any objection to my client's including PAGA claims in their complaint. We look forward to your response. Please feel free to contact our office if you have any comments or questions.

Sincerely,

Treana Allen
MAHONEY LAW GROUP, APC

TA/lp

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Treana L. Allen (SBN: 302922)<br>Mahoney Law Group, APC<br>249 East Ocean Boulevard, Suite 814<br>Long Beach, CA 90802<br>TELEPHONE NO.: (562) 590-5550   FAX NO.: (562) 590-8400<br>ATTORNEY FOR (Name): Donisha Shann and Terrilyn Russell | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>MAY 1 2 2016<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Cristina Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: Same as above.
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Shann, et al. v. Durham School Services, L.P.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount        (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | BC 6 2 0 3 0 1 |
| | | JUDGE:<br>DEPT: |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): eight (8)
5. This case [✓] is   [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: May 11, 2016

Treana L. Allen
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

CM-010

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
      Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
      case involves an uninsured
      motorist claim subject to
      arbitration, check this item
      instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
      Asbestos Property Damage
      Asbestos Personal Injury/
          Wrongful Death
  Product Liability *(not asbestos or
      toxic/environmental)* (24)
  Medical Malpractice (45)
      Medical Malpractice–
          Physicians & Surgeons
      Other Professional Health Care
          Malpractice
  Other PI/PD/WD (23)
      Premises Liability (e.g., slip
          and fall)
      Intentional Bodily Injury/PD/WD
          (e.g., assault, vandalism)
      Intentional Infliction of
          Emotional Distress
      Negligent Infliction of
          Emotional Distress
      Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
      Practice (07)
  Civil Rights (e.g., discrimination,
      false arrest) *(not civil
      harassment)* (08)
  Defamation (e.g., slander, libel)
      (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
      Legal Malpractice
      Other Professional Malpractice
          *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
      Breach of Rental/Lease
          Contract *(not unlawful detainer
          or wrongful eviction)*
      Contract/Warranty Breach–Seller
          Plaintiff *(not fraud or negligence)*
      Negligent Breach of Contract/
          Warranty
      Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
      book accounts) (09)
      Collection Case–Seller Plaintiff
      Other Promissory Note/Collections
          Case
  Insurance Coverage *(not provisionally
      complex)* (18)
      Auto Subrogation
      Other Coverage
  Other Contract (37)
      Contractual Fraud
      Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
      Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
      Writ of Possession of Real Property
      Mortgage Foreclosure
      Quiet Title
      Other Real Property *(not eminent
          domain, landlord/tenant, or
          foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
      drugs, check this item; otherwise,
      report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
      Writ–Administrative Mandamus
      Writ–Mandamus on Limited Court
          Case Matter
      Writ–Other Limited Court Case
          Review
  Other Judicial Review (39)
      Review of Health Officer Order
      Notice of Appeal–Labor
          Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.463)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
      *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
      Abstract of Judgment (Out of
          County)
      Confession of Judgment *(non-
          domestic relations)*
      Sister State Judgment
      Administrative Agency Award
          *(not unpaid taxes)*
      Petition/Certification of Entry of
          Judgment on Unpaid Taxes
      Other Enforcement of Judgment
          Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
      above)* (42)
      Declaratory Relief Only
      Injunctive Relief Only *(non-
          harassment)*
      Mechanics Lien
      Other Commercial Complaint
          Case *(non-tort/non-complex)*
      Other Civil Complaint
          *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
      Governance (21)
  Other Petition *(not specified
      above)* (43)
      Civil Harassment
      Workplace Violence
      Elder/Dependent Adult
          Abuse
      Election Contest
      Petition for Name Change
      Petition for Relief From Late
          Claim
      Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: Shann, et al. v. Durham School Services, L.P. | CASE NUMBER BC 6 2 0 3 0 1 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ✓YES   CLASS ACTION? ✓YES   LIMITED CASE?  YES   TIME ESTIMATED FOR TRIAL  10   HOURS/✓DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.3.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory Filing Location (Hub Case)

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: Shann, et al. v. Durham School Services, L.P. | CASE NUMBER | |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | ① 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach - Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5., 6. 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Shann, et al. v. Durham School Services, L.P. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| **Miscellaneous Civil Petitions** | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev 3/15)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Shann, et al. v. Durham School Services, L.P. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☑ 1. ☐ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 111 North Hill Street | |
|---|---|---|
| CITY: Los Angeles | STATE: CA | ZIP CODE: 90012 |

Item IV. Declaration of Assignment: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____Stanley Mosk_____ courthouse in the _____Central_____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.3, subd.(a)].

Dated: May 11, 2016                                    [SIGNATURE OF ATTORNEY/FILING PARTY]

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/15).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT **BC 6 2 0 3 0 1**

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| ✓ Judge Ann Jones | 308 | 1415 |
| | 307 | 1402 |
| OTHER | | |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on ___ MAY 1 2 2016 ___      SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 06/01/16 | | DEPT. 324 |
|---|---|---|
| HONORABLE ANN I. JONES    JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE ADD ON    JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| C. CONCEPCION, C.A.    Deputy Sheriff | NONE | Reporter |

| | | |
|---|---|---|
| BC620301 | Plaintiff Counsel | NONE |
| DONISHA SHANN ET AL VS DURHAM SCHOOL SERVICES LP | Defendant Counsel | |

PLTF. 170.6 AGAINST ANN I. JONE

### NATURE OF PROCEEDINGS:

PEREMPTORY CHALLENGE

A Peremptory Challenge under Section 170.6 of the Code of Civil Procedure was filed by the plaintiff on May 23, 2016.

The Court finds that it was timely filed, in proper format, and it is accepted.

At the direction of the Supervising Judge, Department 1, this case is ordered reassigned from Judge Ann I. Jones in Department 308 to Judge John Shepard Wiley Jr in Department 311 for all purposes.

Counsel for the moving party is to give notice.

### CLERK'S CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles,

Page   1 of  2    DEPT. 324

MINUTES ENTERED
06/01/16
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| DATE: 06/01/16 | | DEPT. 324 |
| HONORABLE ANN I. JONES      JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE ADD ON      JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| C. CONCEPCION, C.A.   Deputy Sheriff | NONE | Reporter |

| | |
|---|---|
| BC620301 | Plaintiff Counsel    NONE |
| DONISHA SHANN ET AL VS DURHAM SCHOOL SERVICES LP | Defendant Counsel |
| PLTF. 170.6 AGAINST ANN I. JONE | |

**NATURE OF PROCEEDINGS:**

California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: June 1, 2016

Sherri R. Carter, Executive Officer/Clerk

By: _____
        A. Morales, Deputy Clerk


MANOHEY LAW GROUP, APC
Treana L. Allen
249 East Ocean Boulevard, Suite 814
Long Beach, CA 90802

Page   2 of 2   DEPT. 324

MINUTES ENTERED
06/01/16
COUNTY CLERK

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|
| | | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "Civil" and then under "General Information").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
           (INSERT DATE)                       (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____     ►_____
   (TYPE OR PRINT NAME)                   (ATTORNEY FOR PLAINTIFF)
Date:

_____     ►_____
   (TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____     ►_____
   (TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____     ►_____
   (TYPE OR PRINT NAME)                   (ATTORNEY FOR DEFENDANT)
Date:

_____     ►_____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )
Date:

_____     ►_____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )
Date:

_____     ►_____
   (TYPE OR PRINT NAME)                (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

<table>
<tr><td>SHORT TITLE:</td><td>CASE NUMBER</td></tr>
</table>

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | | Reserved for Clerk's File Stamp |
|---|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: | FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

    a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

    b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER