JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONISHA SHANN and TERRILYN RUSSELL, as individuals and on behalf of all similarly situated employees,<br><br>    Plaintiffs,<br><br>    v.<br><br>DURHAM SCHOOL SERVICES, L.P., and DOES 1 through 50, inclusive,<br><br>    Defendant. | CASE NO. CV 16-5158-R<br><br>ORDER GRANTING DEFENDANT DURHAM SCHOOL SERVICES, L.P.'S MOTION TO DISMISS |

    Before the Court is Defendant's Motion to Dismiss, which was filed on September 19, 2016. (Dkt. No. 16). Having been thoroughly briefed by both parties, this matter was taken under submission on October 4, 2016.

    Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper only when a complaint exhibits either a "(1) lack of a cognizable legal theory or (2) the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Twombly* and *Iqbal*, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives

1  "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at
2  570.  The plaintiff must plead factual content that allows the court to draw the reasonable
3  inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678.  The
4  court will not accept "threadbare recitals of the elements of a cause of action, supported by mere
5  conclusory statements. . . ."  *Id*.  In resolving a Rule 12(b)(6) motion, the court must: (1) construe
6  the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual
7  allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a
8  claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co*., 80 F. 3d 336, 337-38 (9th Cir.
9  1996).

10  Plaintiffs individually and on behalf of the putative class assert ten causes of action in their
11  First Amended Complaint: (1) Failure to Pay Wages in Violation of the California Labor Code; (2)
12  Failure to Comply with the California Labor Code's Wage Notice Requirements; (3) Failure to
13  Provide Meal Periods; (4) Failure to Provide Rest Periods; (5) Failure to Provide Accurate Wage
14  Statements; (6) Failure to Pay All Wages Upon Separation of Employment; (7) Unfair
15  Competition; (8) Violation of the Private Attorneys General Act ("PAGA"); (9) Failure to Pay
16  Minimum Wages in Violation of Fair Labor Standards Act ("FLSA") Title 29 U.S.C. § 206(a);
17  and (10) Failure to Pay Overtime in Violation of FLSA 29 U.S.C. §§ 207 and 216.  All are
18  dismissed.

19  Plaintiffs' federal claims under the FLSA fail.  First, Plaintiffs' national collective
20  allegations fail to meet the minimum pleading standards required by *Twombly* and *Iqbal*.
21  Plaintiffs bring their two FLSA claims on behalf of themselves and "all other similarly situated
22  persons" pursuant to 29 U.S.C. § 216(b).  The "similarly-situated" factual pleading requirement is
23  governed by the standards set forth in *Twombly* and *Iqbal*.  Plaintiffs do not dispute this but fail to
24  provide any basis, beyond mere conclusory assertions, that they are similarly situated to the
25  pertinent class they intend to represent, Class B.  Most strikingly, Plaintiffs fail to specify their
26  own job titles and descriptions or the job titles and descriptions of the Class B members.  In their
27  FAC, Plaintiffs allege that they were employed by Defendant as bus drivers or "related positions."
28  Plaintiffs define Class B as persons previously or currently employed by Defendant "as non-

exempt hourly bus aides, bus drivers, *and other related positions*." These bare descriptions are simply insufficient to satisfy *Twombly* and *Iqbal*. The phrase "related positions" is ambiguous and provides no insight whatsoever into whether Plaintiffs and the Class B employees are similarly situated. Moreover, without useful descriptions of Plaintiffs' job positions or the job positions Plaintiffs intend to include in Class B, the Court is unable to determine whether Plaintiffs and the individuals represented in Class B were subjected to the same unlawful employment practices and were similarly affected by them.

Second, Plaintiffs' individual allegations likewise fail to satisfy the required pleading standards. Plaintiffs' FLSA claims are subject to the minimum pleading requirements set forth by the Ninth Circuit in *Landers v. Quality Communications, Inc.*, 771 F. 3d 638 (9th Cir. 2014). In *Landers*, the Ninth Circuit held that conclusory allegations that merely recite the statutory language are inadequate to state a plausible FLSA claim. There, when examining the plaintiff's overtime claim, the Ninth Circuit stated that "at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess of hours in that workweek . . . ." *Id*. at 646. The Ninth Circuit explained that this requires the plaintiff to "draw on their memory and personal experience to develop factual allegations with sufficient specificity that . . . plausibly suggest that defendant failed to comply with its statutory obligations." *Id*. at 643. As such, the Ninth Circuit concluded that, "in order to survive a motion to dismiss, a plaintiff asserting a claim to overtime payments must allege that she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *Id*. at 644-45. Plaintiffs failed to meet these requirements in both of its FLSA claims.

Plaintiffs' failure to satisfy the pleading requirements set forth in *Landers* is exemplified in their factually unsupported FLSA claim for failure to pay overtime wages. The FAC alleges that Plaintiffs and Class B members "worked more than 40 hours per week, without being paid the proper overtime pay as required by the FLSA, during the period of time they worked "off the clock." This is precisely the type of generalized allegation rejected by the Ninth Circuit in *Landers*. Nowhere in the FAC do Plaintiffs allege a single workweek where they worked in

3

excess of forty hours and were not paid for the excess of hours in that workweek.  This deficient allegation plainly subjects this claim to dismissal.  Plaintiffs' ninth cause of action for failure to pay minimum wages is similarly deficient.  Accordingly, for the reasons here stated, Plaintiffs' ninth and tenth causes of action are dismissed in their entirety.

Plaintiffs' state claims also fail.  As a preliminary matter, Plaintiffs' second cause of action for failure to comply with wage notice fails as a matter of law.  Here, Plaintiffs seek to recover penalties under California Labor Code section 2699(f)(1) and (2).  As Section 2699(f) is part of the PAGA statute, Plaintiffs were required to comply with PAGA's procedural prerequisites before filing its claim.  Under California Labor Code section 2699.3(a)(1), Plaintiffs were required to give written notice to both the Labor and Workforce Development Agency ("LWDA") and Defendant of the specific provisions of the labor code they were alleging to be violated.  Cal. Lab. Code § 2699.3(a)(1).  Plaintiffs failed to disclose this violation in their PAGA notice to the LWDA.  Accordingly, this claim is dismissed.

Second, Plaintiffs' statewide class claims are inadequately pled.  Local Rules 23-2, 23-2.1, and 23-2.2 govern the pleading requirements for class allegations in this district.  Plaintiffs fail to comply with all of these.  Pursuant to Local Rule 23-2.1, the FAC "shall contain a reference to the portion or portions of F.R.Civ.P. 23 under which it is contended that the suit is properly maintainable as a class action."  Here, rather than identify the specific portion or portions of Rule 23 under which this class action is brought, Plaintiffs cite to Rule 23 in its entirety: "Plaintiffs bring this action on behalf of themselves and all other similarly situated persons ("Plaintiff Class"), as a class and collective action pursuant to, Federal Rules of Civil Procedure, Rule 23 . . . ."  Plainly, Plaintiffs make no effort whatsoever to comply with Local Rule 23-2.1.

Moreover, Plaintiffs fail to comply with Local Rule 23-2.2.  Under Local Rule 23-2.2, Plaintiffs are required to plead sufficient allegations "to justify the action's proceeding as a class action," including "the typicality of the claims or defenses of the representative(s) of the class."  To satisfy the typicality requirement, a Plaintiff must establish that members have the same or similar injury, that the action is based on conduct which is not unique to the named plaintiffs, and that other class members have been injured by the same course of conduct.  *Hanon v.*

*Dataproducts Corp.*, 976 F. 2d 497, 508 (9th Cir. 1992).  The FAC is particularly lacking here.

Plaintiffs' first cause of action asserts that Defendant refused to properly compensate Plaintiffs and Class A members when they were required to work split shifts.  However, Plaintiffs proffer no substantive allegations to support this claim—the bare assertion that Defendant "failed and/or refused to" properly compensate Plaintiffs and Class A members for working split shifts is wholly insufficient.  Again, Plaintiffs' deficient pleadings lie, in part, in their failure to adequately specify their own job positions and pay rates or the job positions and pay rates of the pertinent employee class.  Moreover, Plaintiffs fail to identify a single statewide policy implemented by Defendant requiring its employees to work split shifts without pay.  Absent this information, the Court is simply unable to assess the plausibility of this claim.  Furthermore, Plaintiffs' third and fourth causes of action for failure to provide meal periods and rest periods fail for this same reason.  Here too Plaintiffs allege no facts in support of their claims.  Plaintiffs merely assert that Defendant lacked a policy to prevent Plaintiffs and employee class members from having a meal period free of work.  This bald conclusory allegation is insufficient to advance Plaintiffs' claims.  Plaintiffs make no effort to explain why, how, or even when Plaintiffs or any of the employee class members were scheduled in such a way that prevented them from taking meal periods or rest breaks.  The FAC simply fails to raise any substantive allegations that would allow the Court to examine the plausibility of Plaintiffs' third and fourth causes of action.  Accordingly, Plaintiffs' class claims for their first, third, and fourth causes of action are dismissed.  Furthermore, since Plaintiffs' class claims for their fifth, sixth, seventh, and eighth claims are derivative of these causes of action, they are also dismissed.

Third, Plaintiffs' individual claims for their state causes of action are also inadequately pled.  The pleading standards set forth in *Landers* apply equally to Plaintiffs' state overtime, minimum wage, meal period, and rest break allegations.  *See, e.g., Byrd v. Masonite Corp.*, 2016 WL 756523, *3 n.5 (C.D. Cal. 2016) (noting that although *Landers* dealt specifically with the FLSA it applied equally to certain California Labor Code sections).  The Court already demonstrated that Plaintiffs' individual FLSA allegations failed to adequately provide the specificity required by the Ninth Circuit.  Plaintiffs' individual state claims suffer from these same


deficiencies.  Like their federal claims, Plaintiffs' state claims assert the same sort of generalized allegations rejected by the Ninth Circuit and provide no sufficient facts that would allow this Court to assess the plausibility of their claims.  While the Court recognizes that Rule 8 does not require Plaintiffs to plead every minute detail of their claims in the FAC, Plaintiffs must, at minimum, assert allegations sufficient to demonstrate a plausible claim, not merely a possible one.  Plaintiffs fail to do so.  Accordingly, Plaintiffs' individual claims for their first and third through eighth causes of action are also dismissed.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is GRANTED.  (Dkt. No. 16).

Dated: November 1, 2016.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE